UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 11 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

ALLEN JIOMAR MEJIA-PORTILLO   *

VS   *   C.A. No. B99-203

UNITED STATES OF AMERICA   *   (Cr. No. B99-24)

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

### Background

ALLEN JUNIOR MEJIA-PORTILLO pled guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 on May 23, 1999. Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

### Facts

This case should be summarily dismissed on two grounds:

(1) Petitioner has not alleged in his application that the sentence in his case was imposed in violation of the constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, as required by 28 U.S.C. § 2255.

(2) A review of the Court's records, including the presentence reports and the files in this case, conclusively show the Petitioner is entitled to no relief, pursuant to the Rules governing § 2255 proceedings for U.S. Courts Rule 4(a)&(b).

1. Petitioner was indicted on January 19, 1999 for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and § 1326(b). Petitioner was represented by the Federal Public Defender's Office.

2. On February 23, 1999, Petitioner and his attorney appeared before the District Court and entered a guilty plea to the indictment. A reading of the record and files of this case indicate that the Court complied with all the requirements of Rule 11 for the administration of guilty plea.

3. A presentence investigation report was ordered and sentencing scheduled for May 28, 1999. The records and files of this case indicate that the Petitioner, through his

attorney, received a copy of the presentence report and that an "objection" was filed on April 7, 1999.

4. While Petitioner was awaiting sentencing, the United States Probation Department, Laredo Division, filed a revocation of supervised release imposed in cause number L97-291-01 and requested that the case be transferred to Brownsville for hearing and disposition. The records indicate that the Petitioner received proper notice of the revocation and that he was represented by counsel in all proceedings with reference to this revocation petition.

5. Although the Court originally had set both the sentencing in cause number B99-24-01 and the revocation in cause number L97-201-01 for hearings on May 28, 1999, on May 13, 1999, all parties were notified that the hearings were rescheduled for May 21, 1999.

6. On May 21, 1999, the Petitioner appeared before the District Court for sentencing and revocation hearings. Petitioner, with appointed counsel, filed objections and argued for a downward departure on the basis that the his case was "outside the heartland" of guideline considerations

pursuant to Koon v. U.S., 116 S.Ct. 2035 (1996). Petitioner argued that he came to the United States as a result of Hurricane Mitch. The devastation caused by the storm, which resulted in the death of many of his family members, made his case a "special case" and, therefore, subject to a downward departure. The Court rejected this argument, considered the facts presented in the revocation case and sentenced Petitioner to the low-end of the guidelines in cause number B99-024-01, to-wit: 57 months and revoked the supervised release term in cause number L97-201-01 and sentenced Petitioner to 8 months, consecutively to the sentence in cause number B99-024-01.

7. On May 25, 1999, Petitioner filed notice of appeal which remains pending at this time, pursuant to an Anders type brief.

8. On December 15, 1999, Petitioner filed this 28 U.S.C. § 2255 Application.

5

## Analysis & Recommendation

Petitioner's 28 U.S.C. § 2255 Application seeks a reduction of sentence on grounds previously considered by this Court at the time of sentencing (Docket No. 11). No new or constitutional issues or questions are raised by Petitioner's Application. The rules governing § 2255 proceedings, Rule 4(b) specifically require the Court to promptly examine the files and records, transcripts and correspondence relating to the judgment under attack, and if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the Movant is not entitled to relief in the District Court, the judge shall make an order for its summary dismissal and cause the Movant to be notified.

Additionally, a court may dismiss a complaint if it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(I)(ii).

The Magistrate Judge has reviewed Movant's motion, annexed exhibits, and the prior proceedings in this case and

6

is of the opinion that it plainly appears Movant is not entitled to relief and therefore recommends the application be summarily dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 10th day of January 2000.

[signature]

Felix Recio
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| ALLEN JIOMAR MEJIA-PORTILLO  * | |
| VS     * | C.A. No. B99-203 |
| UNITED STATES OF AMERICA   * | (Cr. No. B99-24) |

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation in the above-reference cause of action. After a de novo review of the file and pleadings therein, the Magistrate Judge's Report and Recommendation is hereby ADOPTED, and Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Vacate Sentence by a Person in Federal Custody is hereby **DISMISSED**.

DONE at Brownsville, Texas, this _____ day of _____ 2000.

_____
Hilda G. Tagle
United States District Judge